UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RHODE ISLAND AND SOUTHEASTERN MASSACHUSETTS CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION

v. C.A. No.:

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION N0. 99

CA 08 149T

## COMPLAINT

## PARTIES

1. Plaintiff, Rhode Island and Southeast Massachusetts Chapter of the National Electrical Contractors Association ("NECA"), is a management association with a principal place of business at 779 Park Avenue, Cranston, Rhode Island.

2. Defendant, International Brotherhood of Electrical Workers, Local Union No. 99 ("Local 99"), is a labor association with a principal place of business at 22 Amflex Drive, Cranston, Rhode Island.

## JURISDICTION

3. This Honorable Court has jurisdiction over the instant case by and through 9 U.S.C. § 9 and 29 U.S.C. § 185(c), concurrently.

## FACTS

4. John McGee ("McGee") worked as a Local 99 union electrician in Rhode Island for approximately 41 years before retiring

5. In May of 2006, McGee sold his electric company.

6. In June, 2007, McGee also retired from his position as Assistant Director of NECA.

7. On July 1, 2007, after turning the requisite 63-years-of-age, McGee applied for his Local 99 pension benefits.

8. Presently, McGee serves as Trustee for the Local 99 Joint Apprenticeship Training Committee Trust Fund ("Apprenticeship Fund").

9. The Local 99 Agreement and Declaration of Trust ("Trust Agreement") sets forth the dispute resolution processes to be used in resolving whether a particular member is eligible for retirement benefits.

10. The Trust Agreement confers discretionary power upon an equal number of employer trustees and union trustees to distribute retirement benefits to applicants in accordance with the terms and programs set forth in the Local 99 Retirement Fund Plan Document ("Plan Document").

11. Section 5.11(c) of the Trust Agreement provides that in the event that the trustees become deadlocked on any particular vote, the subject issue may then be referred to arbitration. Section 5.11(c) provides also that "The decision of the impartial arbitrator so agreed upon or appointed shall be final and binding on all the parties and persons concerned."

12. McGee's application for pension benefits was never voted on by the trustees, and, therefore, no deadlock was ever reached. However, in the course of other, related litigation between NECA and Local 99, it became apparent that the employer trustees, i.e., NECA, were in favor of granting the benefits while the union trustees were against.

13. On information and belief, the union trustees steadfast refusal to vote to distribute

McGee's pension benefits was due solely to McGee's long time affiliation with NECA, a management association.

14. McGee's application therefore became a subject of some dispute, and as part of a global settlement agreement reached in that other, related litigation, NECA and Local 99 agreed to stipulate that all other remedies had been exhausted and that the matter of McGee's pension would proceed directly to arbitration. The said settlement agreement provided as follows:

> "The retirement application[] of [] John McGee shall be referred to Arbitration according to the terms of the Retirement Fund Trust Agreement and Summary Plan Description...[T]he parties hereby select Francis O'Brien as arbitrator. No further exhaustion of remedies shall be required...In the event that an award is rendered in favor of [] McGee, pension contributions shall commence as of date of application of [the] applicant."

15. The matter proceeded to binding arbitration to address the following issue: should the application for retirement benefits by McGee be allowed?

16. On January 16, 2008, the matter was heard before an arbitrator.

17. On March 14, 2008, the arbitrator rendered his decision. (Decision at Exhibit "A") The arbitrator, interpreting the terms of the Plan Document, found that McGee's continued service as a volunteer trustee on the Apprenticeship Fund did not preclude the distribution of his Local 99 pension benefits, and, therefore, McGee's application for retirement benefits was allowed.

18. Despite the findings of the arbitrator, the union trustees refused to immediately vote to distribute McGee's benefits. Instead, citing no provision in either the Fund Agreement or the Plan Document, the union trustees insisted on putting the vote off until the next board of trustees meeting was called.

19. The next board of trustees meeting was called on April 25, 2008.

20. At said meeting, a motion was made by a management trustee to distribute to McGee his pension payments pursuant to the arbitrator's findings.

21. The union trustees refused to so vote.

22. To date, McGee has not received his Local 99 pension benefits.

**COUNT I**
**(Enforcement of Award)**

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if set forth fully herein.

24. In accordance with Section 301 of the Labor Management Relations Act (29 USC §185) NECA is seeking to have the arbitrator's award confirmed by this Honorable Court.

WHEREFORE, NECA demands that this Honorable Court enter an order confirming the arbitrator's award and that judgment enter on the award in favor of NECA, and against Local 99, and that such judgment award include payment of McGee's pension benefits retroactive to the date of his application, including interest and costs, as well as whatever other award this Honorable Court deems fit and just.

**COUNT II**
**(Attorneys' Fees)**

25. Plaintiff repeats and realleges paragraphs 1 through 24 as if set forth fully herein.

26. Local 99's continued refusal to comply with the arbitrator's decision is entirely without justification and represents bad faith.

27. As a direct and proximate result of Local 99's continued refusal to comply with the arbitrator's decision, NECA has been relegated to seeking judicial enforcement of the arbitrator's decision as necessary and, therefore, this Honorable Court should award NECA its

reasonable attorneys' fees and costs in so doing.

WHEREFORE, NECA requests that this Honorable Court award reasonable attorney's fees and costs against Local 99.

Plaintiff,
By Its Attorneys,

Girard Visconti, Esq. (#0566)
David L. Fine, Esq. (#7368)
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903
Phone: (401) 331-3800
Facsimile: (401) 421-9302

Dated: 4/30/08