**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND AND SOUTHEASTERN MASSACHUSETTS CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, | : | |
| v. | : | C.A. No. 08-149T |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION No. 99. | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Now comes Defendant International Brotherhood of Electrical Workers, Local 99 ("Local 99") and avers and states:

1. Admitted.
2. Admitted.
3. Denied.
4. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4 and therefore the allegations are denied.
5. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 5 and therefore the allegations are denied.
6. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 6 and therefore the allegations are denied.
7. Defendant admits that McGee applied for Local 99 pension benefits effective July 1, 2007.
8. Admitted.
9. Admitted.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted.

17. Defendant admits that the arbitrator rendered his decision on March 14, 2008. Defendant denies the remaining allegations of paragraph 17.

18. Denied.

19. Admitted.

20. Admitted.

21. Defendant admits that the Union Trustees did not vote in favor of distributing pension payments to McGee.

22. Admitted.

**COUNT I**

23. Defendant incorporates by reference and restates its responses to paragraphs 1 through 23 of Plaintiff's Complaint as if set forth in full herein.

24. The allegations in paragraph 24 constitute a legal conclusion requiring no answer. To the extent a further answer may be required, Defendant denies the allegations in paragraph 24 of the Complaint.

**COUNT II**

25. Defendant incorporates by reference and restates its responses to paragraphs 1

through 24 of Plaintiff's Complaint as if set forth in full herein.

26. Denied.

27. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The decision of the Arbitrator is erroneous.

**THIRD AFFIRMATIVE DEFENSE**

The decision of the Arbitrator constitutes a manifest disregard of the law and the Trust Agreement.

**FOURTH AFFIRMATIVE DEFENSE**

The decision of the Arbitrator does not draw its essence from the Trust Agreement or Plan Documents.

**FIFTH AFFIRMATIVE DEFENSE**

The Arbitrator exceeded his authority in issuing the awards.

**SIXTH AFFIRMATIVE DEFENSE**

The decision of the Arbitrator is contrary to the express language of the Trust Agreement and/or Plan Documents.

**SEVENTH AFFIRMATIVE DEFENSE**

The decision of the Arbitrator constitutes an impermissible modification of the Trust Agreement and/or Plan Documents.

**WHEREFORE**, Defendant respectfully request that Plaintiff's Complaint against it be dismissed, that the arbitration award be vacated and that judgment be entered thereon for Defendant, for its attorneys' fees and expenses incurred by it in defending against said Complaint, and such other relief as this Court deems equitable and just.

## LOCAL 99'S COUNTERCLAIM

## NATURE OF THE CASE

1. This is an action to vacate an Arbitrator's Award rendered pursuant to a settlement agreement between Plaintiff and Defendant.

## JURISDICTION

2. This Court has jurisdiction over this proceeding pursuant to 9 U.S.C. § 10 and 29 U.S.C. § 185(c), concurrently.

## PARTIES

3. Defendant International Brotherhood of Electrical Workers, Local Union No. 99 ("Local 99") is a labor union with a principal place of business at 22 Amflex Drive, Cranston, Rhode Island.

4. Plaintiff Rhode Island and Southeastern Massachusetts Chapter of the National Electrical Contractors Association ("NECA") is a management association with a principal place of business at 779 Park Avenue, Cranston, Rhode Island.

5. Plaintiff and Defendant are parties to the International Brotherhood of Electrical Workers Local Union No. 99 Retirement Fund Agreement and Declaration of Trust ("Trust Agreement"). Pursuant to the Trust Agreement, Plaintiff and Defendant each selected individuals to serve on the Board of Trustees of the Local 99 Retirement Fund ("the Fund").

6. At all times relevant herein, Allen Durand, John Shalvey and Ronald Leddy ("Union Trustees") were trustees of the Fund. The Union Trustees were appointed to the Fund by Local 99.

7. At all times relevant herein, G. Thomas Chabot and Robert Chatterly ("Management Trustees") were trustees of the Fund. The Management Trustees were appointed to the Fund by NECA.

8. The Trust Agreement confers power upon the Union Trustees and Management Trustees (collectively referred to as "the Trustees") to distribute pension benefits to applicants in accordance with the terms set forth in the Local 99 Retirement Fund Plan Document ("the Plan").

**CLAIM FOR RELIEF**

9. On or about July 6, 2007, John McGee applied to the Fund for retirement benefits to begin on July 1, 2007.

10. On or about October 4, 2007, the Management Trustees filed suit against the Union Trustees in the United States District Court of Rhode Island, C.A. 07-371T, alleging, *inter alia*, that the Union Trustees breached their fiduciary duties to the Fund by ordering "the pension benefits of union member[] John McGee to be revoked."

11. While there was no formal vote regarding the pension application of Mr. McGee, the Union Trustees believed that the Plan required denial of Mr. McGee application. The Management Trustees expressed a desire to grant the application in full.

12. On or about October 30, 2007, the Trustees attended a Settlement Conference before Magistrate Judge Lovegreen in connection with C.A. No. 07-371T wherein they agreed to refer Mr. Badessa's retirement application to arbitration.

13. Arbitration of Mr. McGee's retirement application was conducted on January 16, 2008 before Francis O'Brien.

14. The parties submitted arbitration briefs on the issue of whether "the application for retirement benefits by John McGee should be allowed."

15. On March 17, 2008, the Union Trustees received the Arbitrator's Award, dated March 14, 2008, finding that Mr. McGee was entitled to retirement benefits. Recognizing the inconsistency of Mr. McGee's testimony with respect to when he ended his employment with NECA, the Arbitrator left the effective date of Mr. McGee's pension to the Trustees.

16. In issuing his award, the Arbitrator manifestly disregarded the provisions of the Trust Agreement and Plan documents and exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

17. For the reasons stated above, as well as for other good and valid reasons, the Arbitration Award must be vacated.

**WHEREFORE**, Defendant demands judgment against Plaintiff vacating the arbitration award, in addition to attorneys' fees, costs and such other relief as this Court deems proper.

IBEW Local 99,

By its Attorneys,

/s/ Elizabeth Wiens
Marc B. Gursky, Esq. (#2818)
Elizabeth Wiens, Esq. (#6827
Gursky Law Associates
420 Scrabbletown Rd., Suite C
N. Kingstown, RI 02852
401-294-4700
401-294-4702/fax

CERTIFICATION

I hereby certify that I electronically filed the within Answer and Counterclaim on May 14, 2008. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on Girard Visconti, Esq. and David Fine, Esq. has been effectuated by electronic means.

/s/ Elizabeth A. Wiens